## EX PARTE JAMES WILLIAM OXFORD.

No. 25,727. April 30, 1952.
Rehearing Denied June 4, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 28, 1952.

Hon. H. D. Barrow, Judge Presiding.

*Hardy & Goode,* San Antonio, and *Murray & McDowell,* Floresville, for appellant.

*R. E. Havens,* County Attorney, Pawhuska, Oklahoma, for the State of Oklahoma, *D. Richards Voges,* County Attorney, Floresville, *John F. May,* District Attorney, Karnes City, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an appeal from an order of the judge of the 81st Judicial District Court remanding appellant to the custody of the sheriff of Wilson County for delivery to the agent of the State of Oklahoma.

It is shown that appellant was arrested by virtue of a warrant of the Governor of Texas, which was predicated upon a demand of the Governor of Oklahoma, accompanied by authenticated copies of "criminal complaint, warrant and other papers" charging relator with the crime of "Deserting and Abandoning his Four Minor Children."

The effective date of the Uniform Reciprocal Enforcement Act, Article 2328b, Vernon's Ann. Civ. St., and the Uniform Criminal Extradition Act, Article 1008a, Vernon's Ann. C. C. P., antedates the proceedings herein.

Appellant contends that the affidavits accompanying the requisition of the Governor of Oklahoma do not state that the relator is a fugitive from justice or that he was in the demanding state at the time of the commission of the offense charged.

Section 5 of the Support Act reads, in part, as follows:

"The provisions for extradition of criminals not inconsistent herewith shall apply to such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this Section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or the other state."

We recently, in Ex parte Coleman, (Page 37, this volume), 245 S. W. (2d) 712, had occasion to discuss the same contention as here raised.

Believing that appellant's extradition was authorized, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant contends that we were in error in holding that the extradition in the instant case was authorized by Section 5 of the Support Act. His contention is that, since the requisition or demand of the Governor of Oklahoma, by its terms, recited that in issuing the same he was acting by virtue of the Constitution and laws of the United States, these proceedings should be judged as to their legality upon the quoted authority and no more.

He contends that Section 5 of the Support Act and Section 6 of the Extradition Act (Art. 1008a, Vernon's Ann. C.C.P.) may not be considered by this court, since the Governor of Oklahoma did not predicate his requisition upon them by name or number or other allegation.

We are not here passing upon the authority under which the Governor of Oklahoma acted but must confine this inquiry as to the legality of the ruling of the trial court in honoring the executive warrant of the Governor of Texas.

The authority under which the Governor of Oklahoma acted is not an issue at such hearing.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

Opinion approved by the court.